## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SOCIAL SECURITY
    ADMINISTRATION,
                Petitioner,

        v.

MICHAEL D. TUCEVICH,
                Respondent.

DOCKET NUMBER
CB-7521-16-0010-T-1

DATE: August 30, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Susan L. Smith, San Francisco, California, for the petitioner.

Christopher Landrigan, Esquire, and Sara A. Buchholz, Esquire,
    Washington, D.C., for the respondent.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The respondent has filed a petition for review, and the Social Security Administration (SSA) has filed a cross petition for review of the initial decision, which found good cause under 5 U.S.C. § 7521 to suspend the respondent for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

10 days.  For the reasons discussed below, we VACATE the initial decision and DISMISS the appeal as moot.

## BACKGROUND

¶2      In a March 24, 2017 initial decision, the adjudicating administrative law judge concluded that SSA had good cause to suspend the respondent for 10 days. Initial Appeal File, Tab 28.  The respondent filed a petition for review with the Board, and SSA filed a cross petition for review.  Petition for Review (PFR) File, Tabs 1, 3.  While such petitions were pending before the Board, on March 20, 2018, SSA filed a notice of withdrawal of its cross petition for review on the ground that the respondent had retired from his position as an Administrative Law Judge on or about January 31, 2018.  PFR File, Tab 7.  As a result, SSA maintained that there was no further relief that the Board could grant with respect to its cross petition for review.  *Id.*

¶3      The Board issued an order directing SSA to support its assertion that the respondent had retired with evidence or sworn statements and affording the respondent an opportunity to show cause as to why the appeal should not be dismissed as moot.  PFR File, Tab 8.  In response, the agency submitted a Standard Form 50 indicating that the respondent had voluntarily retired, effective January 31, 2018.  PFR File, Tab 9.  The respondent also filed a response to the order, acknowledging that he had retired on that date, but maintaining that his retirement did not render the appeal moot because a case or controversy exists regarding whether the agency established good cause to discipline him and because the Board could grant further relief by reversing the unfavorable initial decision.[2]  PFR File, Tab 10.

---

[2]  The respondent's citation in support of his arguments to *Social Security Administration v. Callis*, MSPB Docket No. CB-7521-14-0013-T-1, Initial Decision (Oct. 15, 2015), PFR File, Tab 10 at 5-6, is not persuasive because initial decisions are of no precedential value and cannot be cited or relied on as controlling authority, *see Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988); 5 C.F.R. § 1201.113.  Similarly, we find unavailing the respondent's reliance on *Special*

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4        A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome of the appeal. *Currier v. U.S. Postal Service*, 72 M.S.P.R. 191, 195 (1996). Mootness can arise at any stage of litigation, and an appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief or when the respondent has obtained all of the relief he could have obtained had he prevailed before the Board. *See id.*

¶5        Here, the respondent's retirement is an intervening event rending his appeal moot. The respondent was never suspended because, due to his status as an administrative law judge, SSA could not act until the Board approved the suspension. *See* 5 U.S.C. § 7521(a). In that regard, the March 24, 2017 initial decision imposing a 10-day suspension did not become final because the respondent filed a petition for review with the Board. *See* 5 C.F.R. §§ 1201.113(a), 1201.140(a)(2). Therefore, there is no showing of any monetary loss to the respondent.

¶6        To the extent the respondent has now retired and is no longer employed as an Administrative Law Judge, the agency can no longer impose a suspension even if the Board were to find good cause. *See* 5 U.S.C. § 7521(a) (stating that "[a]n action may be taken against an administrative law judge appointed under section 3105 of this title *by the agency in which the administrative law judge is employed* only for good cause established and determined by the [Board] on the record after opportunity for hearing before the Board") (emphasis added). Moreover, even if the Board were to find that there was no good cause to discipline the respondent,

---

*Counsel v. Malone*, 84 M.S.P.R. 342, ¶¶ 33-34 (1999), in which the Board found that the respondents' resignations did not render moot an action by the Office of Special Counsel alleging violations of the Hatch Act. PFR File, Tab 10 at 6. *Malone* is distinguishable to the extent it concerns a Hatch Act violation under which an employee's penalty is not dependent on his continued Government employment, but rather may include assessment of a civil penalty and/or debarment from Federal employment. *See* 5 U.S.C. § 7326.

such relief would be on paper and would not be meaningful or effective. Therefore, the respondent has not shown that the Board can grant any effectual relief regarding his appeal. *See, e.g.*, *Occhipinti v. Department of Justice*, 61 M.S.P.R. 504, 508 (1994) (dismissing the appellant's individual right of action appeal as moot because the appellant was no longer an employee of the agency, the Board could not order him to be reassigned to his former position, and the only relief that the Board could grant would be on paper, which it found was not meaningful or effective relief); *see also White v. International Boundary and Water Commission*, 59 M.S.P.R. 62, 65 (1993) (dismissing an appeal as moot because the Board could not order the appellant's return to the agency's rolls when he had subsequently been removed again and the only relief it could award was a paper declaration that the appellant was temporarily treated improperly, which it found was not effective relief).

¶7    Finally, although the respondent argues that a decision as to whether the agency established good cause to discipline him would provide appropriate guidance to SSA in considering discipline for employees who engage in similar misconduct, PFR File, Tab 10 at 6, the Board is specifically prohibited from issuing advisory opinions, and therefore may not render an opinion in a matter that is moot, *see* 5 U.S.C. § 1204(h); *Occhipinti*, 61 M.S.P.R. at 508 n.2.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant[4] seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] In this case, the respondent has the same appeal rights as an "appellant."

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.